**United States Bankruptcy Court**
**District of Puerto Rico**

IN RE:                                                                                                   Case No. _____

**Esquilin, Edgar & Rosario, Jeanny**_____  Chapter **13**_____
                                                      Debtor(s)

## CHAPTER 13 PAYMENT PLAN

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee ☑ directly ☐ by payroll deductions as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.

---

PLAN DATED: **8/24/2013**_____                    ☐ AMENDED PLAN DATED: _____
     ☑ PRE ☐ POST-CONFIRMATION                              Filed by: ☐ Debtor ☐ Trustee ☐ Other

### I. PAYMENT PLAN SCHEDULE

$_____**650.00**__ x ____**60**___ = $ _____**39,000.00**
$_____ x _____ = $ _____
$_____ x _____ = $ _____
$_____ x _____ = $ _____
$_____ x _____ = $ _____

                              TOTAL: $ _____**39,000.00**

Additional Payments:
$_____ to be paid as a LUMP SUM within _____ with proceeds to come from:

☐ Sale of Property identified as follows:
_____
_____

☐ Other:
_____
_____

Periodic Payments to be made other than, and in addition to the above:
$_____ x _____ = $ _____

                    PROPOSED BASE: $ _____**39,000.00**

### III. ATTORNEY'S FEES
(Treated as § 507 Priorities)

Outstanding balance as per Rule 2016(b) Fee Disclosure Statement: $ _____**2,716.00**

Signed:  **/s/ Edgar Esquilin**_____
                  Debtor


              **/s/ Jeanny Rosario**_____
                  Joint Debtor

### II. DISBURSEMENT SCHEDULE

A. ADEQUATE PROTECTION PAYMENTS OR ____ $ _____
B. SECURED CLAIMS:
☐ Debtor represents no secured claims.
☑ Creditors having secured claims will retain their liens and shall be paid as follows:
1. ☐ Trustee pays secured ARREARS:
Cr. _____ Cr. _____ Cr. _____
 # _____  # _____  # _____
 $ _____  $ _____  $ _____

2. ☑ Trustee pays IN FULL Secured Claims:
Cr. **RELIABLE FINANCE** Cr. **TOYOTA CREDIT FIN** Cr. _____
 # **001-668633**         # **0406142020**          # _____
 $    **9,139.00**     $    **23,200.00**        $ _____

3. ☐ Trustee pays VALUE OF COLLATERAL:
Cr. _____ Cr. _____ Cr. _____
 # _____  # _____  # _____
 $ _____  $ _____  $ _____

4. ☐ Debtor SURRENDERS COLLATERAL to Lien Holder:
_____

5. ☐ Other:
_____

6. ☑ Debtor otherwise maintains regular payments directly to:
    **SISTEMA DE RETIRO**

C. PRIORITIES: The Trustee shall pay priorities in accordance with the law. 11 U.S.C. § 507 and § 1322(a)(2)

D. UNSECURED CLAIMS: Plan ☐ Classifies ☑ Does not Classify Claims.
1. (a) Class A: ☐ Co-debtor Claims / ☐ Other: _____
                    ☐ Paid 100% / ☐ Other: _____
Cr. _____ Cr. _____ Cr. _____
 # _____  # _____  # _____
 $ _____  $ _____  $ _____

2. Unsecured Claims otherwise receive PRO-RATA disbursements.

OTHER PROVISIONS: *(Executory contracts; payment of interest to unsecureds, etc.)*
**See Continuation Sheet**

---

Attorney for Debtor **Jose Prieto**_____ Phone: **(787) 607-2066**

**CHAPTER 13 PAYMENT PLAN**

IN RE **Esquilin, Edgar & Rosario, Jeanny**     Case No. _____
                          Debtor(s)

# CHAPTER 13 PAYMENT PLAN
### Continuation Sheet - Page 1 of 1

**FAILURE TO TIMELY OBJECT TO THIS PLAN BY A CREDITOR CONSTITUTES A WAIVER OF THE EQUAL MONTHLY AMOUNT METHOD OF PAYMENT 11 USC 1325 (a)(5).**

**ATTORNEY'S FEES WILL BE PAID AHEAD OF SECURED CREDITORS PER 11 USC 330.**

**TAX REFUNDS, IF ANY ARE RECEIVED BY DEBTOR, WILL BE TENDERED TO THE TRUSTEE AS PERIODIC PAYMENTS TO FUND THE PLAN UNTIL PLAN COMPLETION IN ADDITION TO PAYMENTS ALREADY PROVIDED HEREIN. IF DEBTOR(S) NEED TO USE ANY PART OF THESE FUNDS, PROPER AUTHORIZATION WILL BE SOUGHT FROM THE COURT FOR SUCH PURPOSE.**

**ADECUATE PROTECTION IN THE AMOUNT OF $150.00 TO TOYOTA FINANCIAL AND RELIABLE FINANCE EACH UNTIL CONFIRMATION OF THE PLAN.**

**INSURANCE WITH EASTER AMERICAN INSURANCE WILL BE PROVIDED TO THE COLATERAL OF TOYOTA FINANCIAL AND RELAIBEL FINANCE.**